UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LASTER,

Plaintiff,

v. CASE NO. 8:12-CV-2685-T-17MAP

DOLLAR GENERAL
CORPORATION, etc.
et al.,

Defendants.

_______________________/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 13 | Motion to Dismiss |
| Dkt. 19 | Motion to Deny and Dismiss |
| Dkt. 20 | Response |
| Dkt. 21 | Motion to Deny and Dismiss; Motion for Default Judgment |
| Dkt. 22 | Reply |
| Dkt. 23 | Motion for Leave to File |

Pro Se Plaintiff Justin Laster's Amended Complaint includes Plaintiff's claims for race discrimination and for retaliation in violation of Title VII against Plaintiff's former employer, Defendant Dollar General Corporation, and individual employees of Dollar General Corporation.

I. Standard of Review

A. Motion to Dismiss

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Consideration of Documents Attached to the Complaint or Incorporated

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337

(11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

C. Pro Se Plaintiff

Pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A party who is proceeding pro se is subject to the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)

II. Discussion

A. Dkt. 19 Motion to Deny and Dismiss
Dkt. 20 Response

Plaintiff argues that Defendants did not serve a copy of Defendants' Motion on Plaintiff, and therefore Defendant's Motion to Dismiss should be denied, and a default judgment should be entered against Defendants under Rule 55.

Defendants respond that Defendants mailed a copy of the documents to Plaintiff on May 2, 2013, requested Plaintiff's e-mail address in order to provide courtesy copies to Plaintiff in the future, and Defendants do not object to the Court granting Plaintiff an additional two weeks to respond.

The Court does not know why Plaintiff did not receive a copy of Defendants' Motion. The Court will assume that an unintentional oversight was involved. The Court cautions all parties to comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida in the future.

An unintentional oversight does not justify the entry of a Clerk's Default and a

default judgment. In this Circuit, there is a strong policy of determining cases on their merits; defaults are disfavored. Permitting additional time to respond to the Motion to Dismiss would cure any possible prejudice to Plaintiff.

After consideration, the Court **denies** the Plaintiff's Motion to Deny and Dismiss. (Dkt. 19).

B. Dkt. 21 Motion to Deny and Dismiss; Motion for Default Judgment
Dkt. 23 Motion for Leave to File

The same reasons stated above apply to Plaintiff's Motion to Deny and Dismiss and Motion for Default Judgment. After consideration, the Court **denies** Plaintiff's Motion to Deny and Dismiss and Motion for Default Judgment. (Dkt. 21). The Court **denies** the Motion for Leave to File as moot.

C. Dkt. 13 Motion to Dismiss

I. Race Discrimination

The two theories of race discrimination under Title VII are disparate treatment and pattern or practice discrimination. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000). A "pattern or practice" claim may be brought by the EEOC, if there is reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination, 42 U.S.C. Sec. 2000e-6(a), or by a class of private plaintiffs under 42 U.S.C. Sec. 2000e, see Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1549 (11th Cir. 1986). Since Plaintiff asserts an individual claim, Plaintiff's theory of race discrimination must be disparate treatment.

A plaintiff may prove that his employer discriminated against him by direct evidence, or by indirect evidence. "Direct evidence" is evidence that establishes the

existence of discriminatory intent behind the employment decision without any inference or presumption. Absent direct evidence, a plaintiff may make a case of discrimination through indirect evidence using the framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Under that framework, a plaintiff makes a prima facie case for a disparate treatment claim by showing: 1) he is a member of a protected group; 2) he suffered an adverse employment action; and 3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. If the plaintiff can present a prima facie case through circumstantial evidence, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its actions. If the defendant satisfies this burden of production, the burden shifts back to the plaintiff, who must show that the articulated reason is merely a pretext for discrimination.

To survive a motion to dismiss, a plaintiff must allege facts sufficient to show that the plaintiff has made out a plausible claim. In this context, this means that Plaintiff Laster must include the basic facts of his claim that show the Court that Defendant intentionally discriminated against Plaintiff, either by direct evidence or indirect evidence in accordance with the above discussion, including when the discriminatory acts took place, and who participated.

The Court also notes that Plaintiff Laster does not state whether Plaintiff pursued his claim at the administrative level, and whether Plaintiff has exhausted all administrative remedies prior to filing the complaint in federal court. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)("[b]efore a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies")(internal citation omitted).

The Court further notes that Plaintiff Laster has sued several individual

defendants in a Title VII lawsuit; individual defendants may not be sued for violations of Title VII. See Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995)(holding that individual defendants could not be considered plaintiff's employer and could not be held liable under the ADEA or Title VII); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995) (citing Busby and holding that Title VII suits may not be maintained against persons individually).

After examining Plaintiff's Complaint, the Court concluded that it would be more beneficial to grant leave to Plaintiff to file an amended complaint than to grant additional time to respond to Defendant's Motion to Dismiss. The Court will grant Defendants' Motion to Dismiss, with leave to file a Third Amended Complaint within fourteen days. Each factual allegation shall be made in a separate numbered paragraph. Any exhibits that Plaintiff wants to attach to the Third Amended Complaint shall be attached when Plaintiff files Plaintiff's Third Amended Complaint. In addition, the Court directs Plaintiff to attach a copy of Plaintiff's charge of discrimination and notice of right to sue to the Third Amended Complaint.

II. Retaliation

A plaintiff establishes a prima facie case of retaliation by showing that: (1) he "engaged in statutorily protected activity"; (2) he "suffered a materially adverse action"; and (3) "there was a causal connection between the protected activity and the adverse action." Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010); accord Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 978 n. 52 (11th Cir. 2008). To show the adverse action was causally related to the employee's protected expression, the plaintiff must prove "that the protected activity and the adverse action are not completely unrelated." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998).

Plaintiff Laster must include the basic facts of Plaintiff's claim for retaliation, including a statement of when Plaintiff engaged in statutorily protected activity, when the retaliation occurred, what the retaliation was, and who carried out the alleged retaliation.

The Court will grant Defendants' Motion to Dismiss, with leave to file a Third Amended Complaint within fourteen days. Each factual allegation shall be made in a separate numbered paragraph. Any exhibits that Plaintiff wants to attach to the Third Amended Complaint shall be attached when Plaintiff files Plaintiff's Third Amended Complaint. In addition, the Court directs Plaintiff to attach a copy of Plaintiff's charge of discrimination, and notice of right to sue to the Third Amended Complaint.

The Court reminds all parties that they are subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. The Local Rules are available on the Court's website, www.flmd.uscourts.gov. Failure to comply with the Rules and the Court's Orders may have adverse consequences. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Deny and Dismiss is **denied** (Dkt. 19); Plaintiff's Motion to Deny and Dismiss, and Motion for Default Judgment are **denied** (Dkt. 21); Plaintiff's Motion for Leave to File is **denied as moot** (Dkt. 23); Defendants' Motion to Dismiss (Dkt. 13) is **granted**, with leave to file a Third Amended Complaint as specified above, within fourteen days.

Case No. 8:12-CV-2685-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 16th day of May, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record