UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LASTER,

    Plaintiff,

v.                                  CASE NO. 8:12-CV-2685-T-17MAP

DOLLAR GENERAL
CORPORATION, et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 27  Motion for Reconsideration
Dkt. 30  Motion for Recusal
Dkt. 33  Response

    The Court granted Defendants' Motion to Dismiss, with leave to file an amended complaint. (Dkt. 24). Plaintiff Laster filed a Third Amended Complaint. (Dkt 25). Plaintiff then filed a Motion for Reconsideration (Dkt. 27) of the Court's Order denying Plaintiff's Motion to Deny and Dismiss, and for Default Judgment (Dkt. 21), and a Motion for Recusal (Dkt. 30).

I. Standard of Review

A. Motion for Reconsideration

    The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

Case No. 8:12-CV-2685-T-17MAP

There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

B. Motion for Recusal

A judge must disqualify himself if his impartiality might reasonably be questioned or if he has a personal bias or prejudice against a party. 28 U.S.C. Sec. 455. Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality. Hunt v. Am Bank and Trust Co. of Baton Rouge, 783 F.2d 1011, 1015 (11th Cir. 1986); Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1110-11 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

Case No. 8:12-CV-2685-T-17MAP

III. Discussion

A. Reconsideration

Plaintiff Laster has not raised any new issues of fact or law; Plaintiff Laster merely disagrees with the Court's prior decision.

After consideration, the Court **denies** the Motion for Reconsideration.

B. Recusal

Pursuant to 28 U.S.C. Sec. 455(a), any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned. 28 U.S.C. Sec. 455(a). Sec. 455(b) requires disqualification under specific circumstances, including a situation in which a judge has a personal bias or prejudice concerning a party. 28 U.S.C. Sec. 455(b)(1). The judge's bias must be personal and extrajudicial, and must derive from something other than what the judge learned by participating in the case. The standard under Sec. 455 is an objective standard, requiring the district court to ask whether a disinterested observer, fully informed of the facts underlying the grounds on which recusal was sought, would have a significant doubt about the judge's impartiality. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). In general, a judge's rulings in a case are not valid grounds for recusal. Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).

The basis for Plaintiff's Motion for Recusal is that the Court denied Plaintiff's Motion to Deny and Dismiss, and for Default Judgment. The Court's Order granted Defendant's Motion to Dismiss, with leave to file an amended complaint. Plaintiff's Motion for Recusal rests solely on the rulings in this case, which are not valid grounds for recusal. There is no evidence within the record which would cause a disinterested

Case No. 8:12-CV-2685-T-17MAP

observer to doubt the Court's impartiality.

After consideration, the Court **denies** the Motion for Recusal. Accordingly, it is

**ORDERED** that the Motion for Reconsideration (Dkt. 27) is **denied** and the Motion for Recusal (Dkt. 30) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 25 day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record