UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LASTER,

       Plaintiff,

v.                             CASE NO.  8:12-CV-2685-T-17MAP

DOLLAR GENERAL
CORPORATION, et
al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 26    Motion to Dismiss
Dkt. 31    Motion to Deny and Dismiss and Response

Defendants moves for dismissal of Plaintiff's Third Amended Complaint (Dkt. 25) because: 1) Plaintiff did not comply with the Court's prior Order (Dkt. 24);  2) Plaintiff has not alleged facts sufficient to maintain a discrimination or retaliation claim under Title VII; 3) the Third Amended Complaint still names individuals as defendants; 4) Plaintiff has not alleged that he exhausted his administrative remedies; and 5) the Third Amended Complaint does not comply with Fed. R. Civ. P. 8.  Defendants request dismissal with prejudice.

The Court notes that Defendants' Motion refers to the "Second Amended Complaint"; however, the document filed at Dkt. 25 is the Third Amended Complaint. Dkt. 1 is the Complaint; Dkt. 7. is the Second Amended Complaint.

Case No. 8:12-CV-2685-T-17MAP

In response, Plaintiff Laster has filed Plaintiff's Motion to Deny Defendants'
Motion to Dismiss and Response.  Plaintiff requests that the Court deny Defendants'
Motion to Dismiss because: 1) Plaintiff has filed a Corrected Amended Complaint (Dkt.
32); 2) the Third Amended Complaint states a claim upon which relief can be granted;
3) the Third Amended Complaint, with Exhibits of record, complies with Fed. R. Civ. P.
8.; 4) Defendants' counsel did not comply with Local Rule 3.01(g); 5) Plaintiff has
demanded a jury trial; 6) Exhibit 5 shows Plaintiff's attempt to exhaust administrative
remedies; 7) the Court's prior Order (Dkt. 24) shows favoritism toward Defendants; 8)
Plaintiff has filed a Complaint with the U.S. Department of Justice and the FBI as to the
alleged bias and prejudice of the undersigned.

I.  Standard of Review

A.  Fed. R. Civ. P 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short
and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed
factual allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007),
but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to
relief that is plausible on its face," <u>Id.</u>, at 570.   A claim has facial plausibility when the
pleaded factual content allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. <u>Id.</u>, at 556.  Two working principles
underlie <u>Twombly</u>.  First, the tenet that a court must accept a complaint's allegations as
true is inapplicable to threadbare recitals of a cause of action's elements, supported by
mere conclusory statements. <u>Id.</u>, at 555.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.  Determining whether a complaint
states a plausible claim is context-specific, requiring the reviewing court to draw on its
experience and common sense. <u>Id.</u>, at 556.  A court considering a motion to dismiss
may begin by identifying allegations that, because they are mere conclusions, are not

Case No. 8:12-CV-2685-T-17MAP

entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B.  Pro Se Plaintiff

Pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).   A party who is proceeding pro se is subject to the Federal Rules of Civil Procedure.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

II.  Dkt. 24   Order

As to Plaintiff's discrimination claim, the Court's Order states:

"After examining Plaintiff's Complaint, the Court concluded it would be more beneficial to grant leave to Plaintiff to file an amended complaint than to grant additional time to respond to Defendant's Motion to Dismiss. The Court will grant Defendant's Motion to Dismiss, with leave to file a Third Amended Complaint within fourteen days.  Each factual allegation shall be made in a separate numbered paragraph.  Any exhibits that Plaintiff wants to attach to the Third Amended Complaint shall be attached when Plaintiff files Plaintiff's Third Amended Complaint.  In addition, the Court directs Plaintiff to attach a copy of Plaintiff's charge of discrimination and notice of right to sue to the Third Amended Complaint."

As to Plaintiff's retaliation claim, the Court's Order states:

"The Court will grant Defendants' Motion to Dismiss, with leave to file a Third Amended Complaint within fourteen days.  Each factual allegation

Case No. 8:12-CV-2685-T-17MAP

shall be made in a separate numbered paragraph.  Any exhibits that
Plaintiff wants to attach to the Third Amended Complaint shall be attached
when Plaintiff files Plaintiff's Third Amended Complaint.  In addition, the
Court directs Plaintiff to attach a copy of Plaintiff's charge of discrimination
and notice of right to sue to the Third Amended Complaint.

The Court reminds all parties that they are subject to the Federal Rules of
Civil Procedure and the Local Rules of the Middle District of Florida.  The
Local Rules are available on the Court's website, www.flmd.uscourts.gov.
Failure to comply with the Rules and the Court's Orders may have
adverse consequences."

III.  Discussion

A.  Dkt. 32     Fourth Amended Complaint

Defendants did not consent to the filing of the Fourth Amended Complaint, and
the Court did not grant leave to file a Fourth Amended Complaint.   The Court notes that
Plaintiff has attached a Notice of Right to Sue to the Fourth Amended Complaint.  (Dkt.
32-1) and a timeline from July 25, 2011 to August 1, 2011 (Dkt. 32-2).

The Fourth Amended Complaint is a copy of Plaintiff's Third Amended Complaint
(Dkt. 25), with the above exhibits attached.

As stated above, the Court previously directed Plaintiff to file an amended
complaint, with all exhibits attached (Dkts. 1-1, 8), including a copy of Plaintiff's Charge
of Discrimination and Notice of Right to Sue.  (Dkt. 24).

Because the Fourth Amended Complaint does not comply with the Court's prior
Order, was filed without leave of Court and without Defendants' consent, the Court
strikes the Fourth Amended Complaint.

Case No. 8:12-CV-2685-T-17MAP

B.  Dkt. 25   Third Amended Complaint

1) Failure to state a claim

The Court explained the factual allegations sufficient to state a claim for race discrimination and retaliation in the Court's prior Order.   (Dkt. 24, pp. 5-7).  The Court also explained that a Title VII plaintiff must exhaust administrative remedies, and that Title VII relief is against the employer, not individual employees whose actions would constitute a violation of Title VII.

As to Plaintiff's claim of race discrimination, Plaintiff does not allege that Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably than Plaintiff was treated, or that, after the termination of Plaintiff's employment, Plaintiff's position was filled by someone outside of Plaintiff's protected class.  Based on Plaintiff's allegations and exhibits, the Court takes Plaintiff's claim to be that Plaintiff was employed as a Store Manager, Plaintiff is black, and Plaintiff's employment was terminated on 7/31/2011.

As to Plaintiff's claim of retaliation, Plaintiff does not allege statutorily protected activity, such as filing a charge of discrimination, participating in a discrimination proceeding, or opposing discrimination, and does not state when Defendants' alleged retaliation took place.  Plaintiff alleges that Plaintiff made complaints to the Regional Director, Division Manager and Vice President of Store Operations about Evan Degel, District Manager "for not doing his job" in that Evan Degel "failed to perform his job duties to assist and help [Plaintiff] fix the store [Plaintiff] took over for him that was in disarray for [Even Degel's] failure to help reorganize, revamp and renovate to Dollar General Model Store Standards."   Plaintiff further alleges retaliation because Evan Degel insisted that the Human Resources Department of Dollar General Corporation do an extensive background check on Plaintiff due to his arrest on July 11, 2011, which led

Case No. 8:12-CV-2685-T-17MAP

to accusations of [Plaintiff] using fake names to become employed with Dollar General Corporation.   (Dkt. 25, par. 6).   A complaint to Human Resources that a district manager did not "do his job" is not a complaint involving discrimination.

In the Exhibits Plaintiff Laster previously filed, Plaintiff Laster admits that Plaintiff was arrested on July 11, 2011, and that in 2010 Plaintiff applied to Dollar General Corporation for the position of Store Manager under a variety of different names, and under a social security number that was different from his own social security number. (Dkt. 8).   A complaint that the Human Resources Manager retaliated against Plaintiff by terminating his employment for using fake names to gain employment and disposing of sellable items is not a complaint involving discrimination.

The Exhibits further state that Plaintiff Laster completed a damages report of over $6,000 on July 18, 2011 that included damaged and undamaged inventory. District Manager Evan Degel contacted Bob Collinsworth, Loss Prevention, on July 19, 2011, and Bob Collinsworth investigated the inventory loss on July 20, 2011.  Bob Collinsworth interviewed Plaintiff Laster, who wrote a statement at the conclusion of the interview.  On July 20, 2011, Plaintiff Laster was suspended and on July 31, 2011, Plaintiff Laster's employment was terminated.

The Court needs to know the dates when Plaintiff filed a charge of discrimination with the EEOC, made an internal charge of discrimination to Human Resources at Dollar General Corporation, participated in a discrimination proceeding, or otherwise opposed discrimination.

The Court **grants** Defendants' Motion to Dismiss for failure to state a claim, with leave to file an amended complaint **one final time**, within fourteen days.  Plaintiff Laster shall include additional facts as to the claim for discrimination and claim for retaliation, as noted above.  The Court directs Plaintiff to name only Plaintiff's former employer as a

Case No. 8:12-CV-2685-T-17MAP

defendant.  Plaintiff shall allege when Plaintiff filed a charge of discrimination with the EEOC and any other agency, and when the notice of right to sue was received.  The Court directs Plaintiff to attach a copy of all charges of discrimination and notices of right to sue to the amended complaint.

2)   Compliance with Court Orders

The Court urges Plaintiff Laster to read the Court's Orders carefully and comply with them.  Plaintiff's failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida may result in adverse consequences.

2)  Local Rule 3.01(g)

Local Rule 3.01(g) excepts a motion to dismiss from the requirement to confer with the opposing party prior to filing the motion.

3)   Favoritism

A separate Motion for Reconsideration, and Motion to Recuse were filed, and a separate Order has been entered.

4)   Complaint to Department of Justice and FBI

The Court's orders are subject to review.   A motion for reconsideration may be used to bring to the Court's attention any purported error of fact or law.    Appeal procedures of various types are available.  The filing of any such complaints does not prevent the undersigned from ruling on the above motions.  Accordingly, it is

Case No. 8:12-CV-2685-T-17MAP

**ORDERED** Defendants' Motion to Dismiss (Dkt. 26) is **granted**, with leave to file an amended complaint within fourteen days **one final time**.  Plaintiff shall include additional factual allegations for the discrimination claim and retaliation claim as noted above, shall name only the employer as a defendant, shall include allegations of when all charges of discrimination were filed and notices of right to sue were received, and shall attach all exhibits to the complaint, including copies of all charges of discrimination and notices of right to sue.

Plaintiff's Motion to Dismiss and Deny (Dkt. 31) is **denied**.

The amended complaint filed at Dkt. 32 is **stricken**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 25th day of June, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record