UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LASTER,

       Plaintiff,

v.                                     CASE NO.  8:12-CV-2685-T-17MAP

DOLLAR GENERAL
CORPORATION,

       Defendant.

_____/


ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 36 | Fourth Amended Complaint |
| Dkt. 37 | Motion to Dismiss Fourth Amended Complaint |
| Dkt. 40 | Response |
| Dkt. 43 | Motion for Leave to File Amended Complaint |
| Dkt. 44 | Response |

Defendant Dollar General Corporation moves to dismiss Plaintiff's Fourth Amended Complaint with Prejudice.

Plaintiff Justin Laster opposes Defendant's Motion.


I. Background

In previous Orders (Dkts. 24, 35) the Court has granted leave to Plaintiff to file an amended complaint which complies with the Federal Rules of Civil Procedure and which states the claims Plaintiff intended to pursue.   As to Plaintiff's discrimination claim, the Court directed Plaintiff to include the basic facts that show that Defendant intentionally discriminated against Plaintiff, including when the discriminatory acts took

Case No. 8:12-CV-2685-T-17MAP

place and who participated.  Because Plaintiff did not allege exhaustion of administrative remedies, the Court directed Plaintiff to attach a copy of Plaintiff's charge of discrimination and notice of right to sue.  As to Plaintiff's retaliation claim, the Court directed Plaintiff to include the basic facts of the retaliation claim, including a statement of when Plaintiff engaged in statutorily protected activity, when the retaliation occurred, what the retaliation was, and who carried out the alleged retaliation.  The Court further directed Plaintiff to attach a copy of the charge of discrimination and notice of right to sue to Plaintiff's amended complaint.  (Dkt. 24).

Plaintiff separately filed exhibits Plaintiff intended to support Plaintiff's Complaint. (Dkt. 8).  The Court directed Plaintiff to attach all exhibits to Plaintiff's amended complaint.  (Dkts. 24, 35).  While the Court could always take notice of exhibits previously filed, the purpose of this directive was to have a clear record about what Plaintiff's claims are and the basis for those claims.

In the Court's Order (Dkt. 35), the Court:

> **ORDERED** Defendants' Motion to Dismiss (Dkt. 26) is **granted,** with leave to file an amended complaint within fourteen days **one final time**.  Plaintiff shall include additional factual allegations for the discrimination claim and retaliation claim as noted above, shall name only the employer as a defendant, shall include allegations of when all charges of discrimination were filed and notices of right to sue were received, and shall attach all exhibits to the complaint, including copies of all charges of discrimination and notices of right to sue.

II.  Standard of Review

A.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short

Case No. 8:12-CV-2685-T-17MAP

and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Pro Se Plaintiff

Pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11ᵗʰ Cir. 1998).  A party who is proceeding pro se is subject to the Federal Rules of Civil Procedure.  Moon v. Newsome, 863 F.2d 835, 837 (11ᵗʰ Cir. 1989).

3

Case No. 8:12-CV-2685-T-17MAP

III. Discussion

Defendants move to dismiss Plaintiff's Fourth Amended Complaint:

a). for [Plaintiff's] failure, having been given four opportunities, to allege facts sufficient to maintain a discrimination or retaliation claim under Title VII;

b) for [Plaintiff's] failure to provide information ordered by the Court;

c) for [Plaintiff's] failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

A. Additional Allegations of Fourth Amended Complaint

1. Discrimination Claim

Defendant argues that the new allegations do not identify a Store Manager outside of Plaintiff's protected category who was treated more favorably than Plaintiff, or that Plaintiff was replaced by someone outside of his protected category. The additional paragraphs relate events leading up to Plaintiff's termination without any allegations to support Plaintiff's claim of race discrimination.

Plaintiff Laster refers to another employee who changed her clock-in time, but who was not terminated. This conduct is not similar to the conduct Plaintiff was alleged to have been involved in (applying under a false name and damaging out excessive amounts of merchandise). Where a plaintiff alleges discriminatory discipline, the Court evaluates whether two employees are involved in or accused of the same or similar conduct, but are disciplined in different ways. When the Court determines whether another employee is similarly situated to a plaintiff, the quantity and quality of the comparator's misconduct [must] be nearly identical to that of the plaintiff. See Burke-

4

Case No. 8:12-CV-2685-T-17MAP

Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006).

Under Federal Rule of Civil Procedure 10(c), exhibits are a part of the pleadings for all purposes. See Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985). When exhibits contradict the general and conclusory allegations of a pleading, the exhibits control. Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007). In this case, Plaintiff previously filed Exhibits in which Plaintiff admitted that Plaintiff applied to work for Defendant Dollar General in 2011 in Tallahassee, Florida under the name "Jay D. Laster" and a social security number that was one number off [from Plaintiff's actual social security number] in the online-enrollment. (Dkt. 8, p. 12)(Statement to Store Manager dated July 20, 2011). In July, 2011, Plaintiff Laster submitted a damages report of $6,800, which was investigated by Loss Prevention on the request of Defendant's District Manager; Plaintiff admitted discarding sellable merchandise ["We could have saved some of the damages..."](Dkt. 8-1, p. 15).

To the extent that Plaintiff's new allegations are at odds with Plaintiff's previous admissions, the Court does not consider those allegations.

2. Retaliation

Defendant argues that Plaintiff again asserts only that Plaintiff complained that his supervisor was not doing his job. Plaintiff has not alleged that Plaintiff engaged in statutorily protected activity, such as an internal complaint of discrimination, a complaint filed with the EEOC or a discrimination-based lawsuit. See Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1201 (11th Cir. 2001). The Court previously stated:

> "The Court needs to know that dates when Plaintiff filed a charge of discrimination with the EEOC, made an internal charge of discrimination to Human Resources at Dollar General Corporation, participated in a discrimination proceeding, or otherwise opposed discrimination."

5

Case No. 8:12-CV-2685-T-17MAP

(Dkt. 35, p. 6). Plaintiff has not included factual allegations that advise the Court of Plaintiff's statutorily protected activity, if any.

Plaintiff Laster has had four opportunities to amend the complaint. The Court has liberally construed Plaintiff's pleadings, but granting another opportunity to amend the complaint would be futile, where Plaintiff did not comply with the Court's prior Orders which specified what amendment was required. After consideration, the Court grants the Motion to Dismiss with Prejudice.

B. Willful Violation of Prior Orders

Defendant argues that the Fourth Amended Complaint does not include information specifically ordered by the Court. The Court directed Plaintiff to include allegations of when all charges of discrimination were filed and notices of right to sue were received and attach all exhibits to the Complaint, including copies of all charges of discrimination and notices of right to sue.

Plaintiff denies that Plaintiff has willfully violated any Court Order.

The Court explained the requirement of exhaustion of administrative remedies to Plaintiff. (Dkt. 24). The Court attempted to ascertain the substance of any charge of discrimination that Plaintiff might have filed by requiring Plaintiff to include allegations within the Complaint and to attach copies of any charge and notice of right to sue. The Court notes that Plaintiff attached a copy of a Notice of Right to Sue to the Fourth Amended Complaint, which was filed without consent of Defendant or leave of Court, and was stricken. (Dkt. 32). Plaintiff apparently filed a charge of discrimination at some time, but the Court still does not know what was included in Plaintiff's charge, or when it was filed.

Case No. 8:12-CV-2685-T-17MAP

Local Rule 4.01 provides that "Unless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein." In general, pro se parties are required to comply with procedural rules. Requiring Plaintiff to attach copies of all exhibits to the amended complaint was intended only to promote clarity and save the Court's scarce resources, not as some type of technical trap for an unwary plaintiff. Since the Court has dismissed Plaintiff's Fourth Amended Complaint with prejudice for failure to state a claim, dismissal for willful noncompliance is moot. The Court notes only that the Court's Orders were in plain English, Plaintiff did not comply with prior Orders, nor did Plaintiff seek relief for some justifiable reason.

C. Fed. R. Civ. P. 8 and 10(b)

Defendant argues that the Fourth Amended Complaint does not comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10(b), in that the Fourth Amended Complaint does not set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Plaintiff's allegations are not simple, concise or direct, and each paragraph is not limited to a "single set of circumstances." The Fourth Amended Complaint improperly contains quotations from Title VII and other materials, and includes additional facts not germane to Plaintiff's race discrimination and retaliation claims.

Defendant requests dismissal for Plaintiff's noncompliance with the Federal Rules of Civil Procedure.

Plaintiff responds that Plaintiff followed Rules 8 and 10 in Plaintiff's first, second, third and fourth Complaints. Plaintiff disagrees with the Court's prior rulings which required Plaintiff to amend his complaint. (Dkts. 24, 35). Plaintiff argues that Plaintiff's Fifth, Seventh and Fourteenth Amendment rights under the U.S. Constitution regarding equal protection of the law, right to a fair trial, and right to due process have been

Case No. 8:12-CV-2685-T-17MAP

violated. Plaintiff Laster argues that Defendant retaliated against Plaintiff and this case should proceed to trial.

Plaintiff complains that Defendant did not comply with Local Rule 3.01(g) in filing the Motion to Dismiss Fourth Amended Complaint on July 12, 2013. The Court reminds Plaintiff that Local Rule 3.01(g) excepts a motion to dismiss for failure to state a claim upon which relief can be granted from the requirement to confer.

Plaintiff insists that Defendant was required to file an Answer, and Plaintiff is entitled to a default judgment. Until there is a viable complaint, i.e. a complaint that survives a motion to dismiss, a defendant is not required to file an answer. If Defendant's Motions to Dismiss had been denied, the Court would have required Defendant to file an Answer within fourteen days of denial of the motion.

The Court regrets that Plaintiff views the Court's rulings as "ganging up" with Defendant against Plaintiff. The Court explained in detail what additional allegations to include in an amended complaint. (Dkt. 24). Plaintiff's Fourth Amended Complaint does not comply with the Federal Rules of Civil Procedure. However, since the Court has already dismissed the Fourth Amended Complaint with Prejudice for failure to state a claim, the request for dismissal based on noncompliance with the Federal Rules of Civil Procedure is moot. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Fourth Amended Complaint with Prejudice (Dkt. 37) is **granted in part** for failure to state a claim, and otherwise **denied as moot**. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 43) is **denied as moot**. The Clerk of Court shall close this case.

Case No. 8:12-CV-2685-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
_____ day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

9