UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LASTER,

      Plaintiff,

v.                                      CASE NO. 8:12-cv-02685-T-17MAP

DOLLAR GENERAL CORPORATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed on appeal *in forma pauperis* (doc. 54). Plaintiff has filed an affidavit of indigency, which the court construes as a motion to appeal *in forma pauperis*, but no motion, in support thereof. On February 18, 2014, Plaintiff filed a notice of appeal, which appears to be challenging the Court's order dismissing his complaint (doc. 52). In his notice of appeal, Plaintiff asserts that the district judge's ruling was based on her alleged prejudiced and biased actions in depriving Plaintiff of his constitutional rights. Plaintiff also asserts the district judge should have given him an unlimited opportunity to perfect his complaint. Upon consideration, I recommend Plaintiff's motion for leave to proceed on appeal *in forma pauperis* (doc. 54) be denied.

Plaintiff has no absolute right to appeal *in forma pauperis*. To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *see generally Napier v. Preslicka,* 314 F.3d

528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success"). In addition to good faith under § 1915(a)(3), the Federal Rules of Appellate Procedure also require a party who seeks to appeal *in forma pauperis* to submit an affidavit that demonstrates (1) an inability to pay, (2) entitlement to redress, (3) the issues on appeal. Fed. R. App. P. 24(a)).

I find Plaintiff cannot identify a good faith basis for appeal or for concluding that the Court's order dismissing the Plaintiff's complaint was in error. The district judge dismissed Plaintiff's complaint after Plaintiff failed to comply with the district judge's orders granting him four opportunities to amend his complaint to include factual allegations that advised the Court of Plaintiff's statutorily protected activity and thus failed to state a claim for relief. Plaintiff urges that the district judge's order is erroneous based on her alleged bias; however, an adverse judicial ruling is insufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)(holding "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). In addition, Plaintiff's contention that he should somehow be given an unlimited amount of do-overs to amend his complaint is baseless as the Court properly found, after four attempts by Plaintiff, that it would be futile to grant any further leave to amend. *See Tie Qian v. Sec'y Dep't of Veterans Affairs*, 432 F. App'x 808, 810 (11th Cir. 2011) (finding a court may deny a motion for leave to amend if amending would be futile). Thus, Plaintiff has no basis for his appeal. Moreover, the Court has been unable to discern any other factual basis for appeal as Plaintiff has failed to file a motion supporting the basis of his appeal. Accordingly, this Court concludes that the instant appeal

is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success.

Next, while Plaintiff has successfully shown his indigent status and has indicated in his affidavit of indigency that he is entitled to the relief he requested, which satisfies the requirement that Plaintiff state he is entitled to redress, the Plaintiff's affidavit of indigency does not state the issues on which Plaintiff is appealing the district judge's decision.  Thus, I find Plaintiff has not and cannot satisfy the requirements of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)).  He is therefore ineligible to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3).  Accordingly, it is hereby

    RECOMMENDED:

    1.  that Plaintiff's Motion for Leave to Proceed on Appeal *in Forma Pauperis* (doc. 54) be **DENIED**.

    IT IS SO REPORTED at Tampa, Florida on March 3, 2014.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).